## 48552. HUMKEY v. THE STATE.

DEEN, Judge. This case is an appeal from the denial of a motion to suppress evidence found in the defendant's automobile, consisting of a plastic bag containing some amount of marijuana less than an ounce, removed by police officers from the glove compartment while the car was parked. As we view the case, the three young men were not under legal arrest at the time (they had parked near a construction site and were sleeping under nearby trees in their sleeping bags) and any question about the reason why the police officers might have bona fide, if erroneously, been under the opinion that the car was stolen (it in fact belonged to the defendant's parents) is irrelevant to the question of the legality of search. The only justification for the seizure of the bag is the statement of one of the witnesses that he saw through the window of the automobile, and through the open aperture of the unlit glove compartment, a bag containing a green substance which was, in his opinion, contraband. However, on cross examination the same witness was asked: "Until you opened the door [of the car] and got in there you didn't know what was in there, did you?" to which he replied, "No sir." The other witness stated that he saw nothing until after the bag had been removed from the car. The circumstances are not within the ambit of *Anderson v. State,* 123 Ga. App. 57 (179 SE2d 286), where the police officer, looking through the car window, clearly saw the stolen property, and more closely resemble *Brooks v. State,* 129 Ga. App. 109 (198 SE2d 892), where the detention in the course of which suspected marijuana was glimpsed was not in fact justifiable.

The trial court erred in overruling the motion to suppress.

*Judgment reversed. Bell, C. J., and Quillian, J., concur.*
ARGUED SEPTEMBER 11, 1973 — DECIDED SEPTEMBER 27, 1973.

*Driebe & McAllister, J. Dunham McAllister,* for appellant.
*William H. Ison, District Attorney, J. W. Bradley,* for appellee.