## A03A2422. CARTWRIGHT v. THE STATE.
### (594 SE2d 723)

JOHNSON, Presiding Judge.

This case arises from the trial court's denial of Linda Cartwright's motion to suppress evidence. Because we find that the search exceeded the *Terry v. Ohio*[1] pat-down for weapons, we reverse the trial court's denial of Cartwright's motion to suppress.

The facts are not in dispute. On June 27, 2002, officers responded to a call to investigate neighbors arguing about a speeding vehicle. Benny Grant and Cartwright, his wife, were apparently concerned with the speed at which their neighbor's son had been operating his vehicle in the area. During the investigation, the neighbors told the officers that Grant had pointed a gun at them and that either Grant or Cartwright had threatened to shoot out the tires on the vehicle. The deputies walked across the road and spoke to Grant and Cartwright. Grant stated he did have a gun, but would not use it. Cartwright, however, told the officers "she would shoot the tires out if he come back up again." At this point, the officers patted down both Grant and Cartwright for weapons.

The officer patting down Cartwright felt a hard object in Cartwright's front pocket and pulled out the object. The object turned out to be a magazine clip for a gun. The clip contained bullets. The officer continued patting down Cartwright and felt another hard object in Cartwright's back pocket. Upon retrieval, the object turned out to be a wooden box. The officer opened the box and discovered what she suspected was marijuana. Cartwright was then arrested for possession of marijuana.

In her sole enumeration of error, Cartwright contends the trial court erred in denying her motion to suppress, specifically arguing that the search of the wooden box exceeded the permissible scope of a *Terry* search. When reviewing a trial court's decision on a motion to suppress, this Court's responsibility is to ensure that there was a substantial basis for the decision.[2] While this Court gives great deference to a trial court's findings and judgment in reviewing the denial

---

[1] 392 U. S. 1 (88 SC 1868, 20 LE2d 889) (1968).
[2] *State v. Pritchett*, 256 Ga. App. 698, 699 (569 SE2d 616) (2002).

of a motion to suppress, we are constrained by the facts of this case to find that the trial court clearly erred in denying Cartwright's motion to suppress.

A pat-down search of an individual is authorized under *Terry* when an officer is justified in believing that the individual whom she is investigating is armed and dangerous.[3] In this case, Cartwright's threat to perform a specific future act, i.e., to shoot the neighbor's tires out "if he come back up again," and her agitation were clearly sufficient to justify a weapons pat-down to see if Cartwright was carrying a gun to make good on the threat. The officer has the power to take necessary measures to determine whether the individual is carrying a weapon and to neutralize the threat of physical harm.[4] However, nothing in *Terry* can be understood to allow a generalized cursory search for weapons or, indeed, any search whatever for anything but weapons.[5]

While there may be some question as to whether the officer was justified in removing the magazine clip from Cartwright's front pocket and the wooden box from Cartwright's back pocket, our review of these issues is not necessary to our holding in this case. Based on the record before us, it is clear that the officer was not justified in opening the wooden box found in Cartwright's back pocket and that such a search exceeded the permissible scope of a *Terry* pat-down for weapons. Accordingly, the trial court erred in denying Cartwright's motion to suppress.

The state contends the officer "had a reasonable belief that there could be a weapon in that box so she was justified under *Terry* to open it." However, when the officer discovered the object was a wooden box smaller than the officer's gun clip, the officer knew the object clearly was not a weapon. Moreover, the removal of the box rendered it secure for purposes of a weapons pat-down. The officer, however, went further and opened the box because she thought there might be contraband in it.

The officer specifically testified that she opened the box because she "knew what she had seen in the past." According to the officer, "[i]n the past whenever I come in contact with other people, they had the similar wooden box and it contained the leafy substance or it might contain some other type of drug." When questioned further, the officer stated that she opened the wooden box because, based on her past experience, she had "seen other persons that have had that as a place to keep marijuana or other drugs." This search clearly exceeded the scope of a weapons pat-down.

---

[3] Id. at 700 (1).
[4] Id.
[5] Id.

While the state claims *Davis v. State*[6] is directly on point, we disagree with the state's contention. In *Davis*, as recognized by the state, we held that an officer was justified in opening a cigarette box found in the plaintiff's pocket because the officer testified that he believed the box might contain "a razor blade, needle, or other small weapon."[7] Here, the officer did not present any evidence or testimony that she believed the wooden box contained a weapon or a part of a weapon. Rather, the officer clearly testified that she opened the box because, based on her experience with similar boxes, she believed the box contained contraband. In fact, the officer admitted that the wooden box was not large enough to conceal the gun that would go with the magazine clip she found. The burden of proving a search was lawful is on the state,[8] and the state did not meet its burden in this case. The trial court erred in denying Cartwright's motion to suppress.

*Judgment reversed. Eldridge and Mikell, JJ., concur.*

DECIDED FEBRUARY 11, 2004.

*J. David Burroughs*, for appellant.

*Jason J. Deal, District Attorney, Richard A. Vandever, Assistant District Attorney*, for appellee.

---

[6] 232 Ga. App. 450 (501 SE2d 241) (1998).
[7] Id. at 451 (1).
[8] OCGA § 17-5-30 (b).