## A05A0704. THE STATE v. MASSA.
(615 SE2d 652)

ADAMS, Judge.

The State appeals from the trial court's order granting defendant Benjamin Phillip Massa's motion to suppress contraband seized from his vehicle.

When reviewing a trial court's decision on a motion to suppress, we construe evidence most favorably to uphold the findings and judgment of the trial court, and the trial court's findings on disputed facts and credibility are adopted unless they are clearly erroneous. Since the trial court sits as the trier of fact, its findings are analogous to a jury verdict and will not be disturbed if there is any evidence to support them. This Court's responsibility is to ensure that a substantial basis exists for the trial court's decision. *State v. Pritchett*, 256 Ga. App. 698, 699 (569 SE2d 616) (2002); *State v. Dukes*, 234 Ga. App. 343, 346 (2) (507 SE2d 147) (1998).

The trial court found the following facts in its order granting the motion to suppress:

1. Sergeant Mike Barnhill of the Douglas County Sheriff's Department K-9 Unit observed [Massa's] vehicle approximately 300 yards from the road on a dirt drive in a rural/farming area that is transitioning to an industrial area. 2. The vehicle was unoccupied, and upon checking with dispatch, Sergeant Barnhill found that the vehicle was not reported stolen nor were there any warrants in connection with said vehicle or the owner thereof. 3. Sergeant Barnhill observed through the passenger side window, which was open approximately three inches, a portion of a "baggy" protruding from the car's ashtray. 4. The "baggy" was introduced into evidence and contained a very small amount of very small particles of what appeared to be a plant material and what appeared to be cigarette rolling papers. 5. Sergeant Barnhill did not use his dog in connection with this investigation. 6. Sergeant Barnhill then obtained a device from his vehicle and opened the locked car door and seized the "baggy" containing suspected contraband. 7. [Massa], who had been fishing on the property, was later charged with fishing without a license, and his vehicle was towed to the impound

lot. 8. Other than the fact that the vehicle was sitting on a remote dirt drive/roadway area, there is no evidence that the vehicle was "abandoned." 9. No effort was made to contact the owner prior to the officer unlocking the vehicle with a slim jim type device and seizing the suspected contraband.

It is the State's burden to establish the existence of circumstances constituting an exception to the general prohibition against warrantless searches and seizures. OCGA § 17-5-30 (b); *Cartwright v. State*, 265 Ga. App. 520, 522 (594 SE2d 723) (2004); *Merritt v. State*, 133 Ga. App. 956, 957 (1) (213 SE2d 84) (1975). Although the trial court in this case did not explicitly reject the officer's testimony that he positively identified the substance in the baggy as marijuana, the trial court's findings of fact describing the location, nature and quantity of the substance, coupled with the citation to *Humkey v. State*, 129 Ga. App. 750 (201 SE2d 190) (1973), suggest that the trial court rejected the officer's testimony that he could identify the substance as contraband merely by looking inside the vehicle through a three-inch opening in the vehicle's window.[1] Moreover, even accepting the officer's testimony that he was able to identify the substance as marijuana, the State still had the burden to show that the officer was authorized to gain access to the contraband and seize it without a warrant. *Benton v. State*, 240 Ga. App. 243, 244-245 (1) (522 SE2d 726) (1999).[2]

The State argues that the seizure was proper under the automobile exception to the warrant requirement and that seizure of the contraband was proper under this exception even in the absence of exigent circumstances. Although it is true that the automobile exception does not require exigent circumstances if probable cause exists to search an automobile, our Supreme Court has made clear that "there is an automobile exception to the search warrant requirement, not an exemption. Otherwise, the Supreme Court of the United States would have held that the police would not, under any circumstances, need to obtain a search warrant for an automobile, provided they have probable cause for the search." *State v. Lejeune*, 276 Ga.

---

[1] In *Humkey*, the contraband was located in the open aperture of an unlit glove compartment and observed through the window of the vehicle. However, in that case, the officer admitted on cross-examination that he did not know what was in the bag until he opened the car door. In this case, the officer's testimony that the substance in the bag was marijuana was unequivocal.

[2] As this Court explained in *Benton*: "The plain view doctrine authorizes a police officer to seize an illegal item if the officer is lawfully in a place where he can see the item and if he has a lawful right of access to it. An officer gains lawful access to an item in plain view by obtaining a search warrant, obtaining consent to search, or the existence of exigent circumstances." (Citations and footnotes omitted.) Id. at 244.

179, 182-183 (2) (576 SE2d 888) (2003).[3] In this case, the trial court rejected the State's argument that the warrantless search was proper under that exception, reasoning that the vehicle was unoccupied at the time the officer discovered it and that there was no indication that it was likely to be moved in the immediate future. Thus the trial court properly considered the rationale justifying the application of the exception and concluded that the warrantless seizure was not authorized under the facts and circumstances here. We find no error in the trial court's conclusion that the search was unlawful and thus affirm the trial court's grant of Massa's motion to suppress.

*Judgment affirmed. Smith, P. J., and Ellington, J., concur.*

DECIDED JUNE 9, 2005.

*Gregory R. Barton, Solicitor-General, Christopher L. Wynn, Jeffrey M. Gore, Assistant Solicitors-General*, for appellant.
*Bobby G. New, John D. Thalhimer*, for appellee.

---

[3] In *Lejeune*, our Supreme Court went on to hold that the exception was not applicable under the facts of that case, in which the vehicle was legally parked in a residential parking place, and the suspect and his only alleged cohort were not near the vehicle and did not have access to it.