A07A0380. MASON v. THE STATE.
(647 SE2d 308)

ANDREWS, Presiding Judge.

Edward Mason appeals from the judgment entered after a jury found him guilty of possession of cocaine. Mason argues that the trial court erred in allowing cocaine found on his person into evidence because the search exceeded the permissible scope of a pat-down for weapons. We agree and reverse.

Where, as here, evidence presented at a hearing on a motion to suppress is uncontroverted and there are no questions of credibility,

we review de novo the trial court's application of the law to undisputed facts. *Vansant v. State*, 264 Ga. 319, 320 (1) (443 SE2d 474) (1994).

The arresting officer testified that after making a traffic stop of the car in which Mason was a passenger, he asked if he could search the car. The driver consented and both Mason and the driver got out of the car. The officer said that for his own safety and before he searches a car, he always pats down the occupants and places them in his patrol car during the search. As the officer was doing a pat-down of Mason, he felt something rattle in Mason's pocket. The officer asked Mason what it was and Mason said he did not know. The officer asked, "[D]o you mind if I remove it?" Mason replied, "[N]o, go right on ahead." The officer reached in Mason's pocket and pulled out a matchbox. The officer said that he opened the matchbox because, in his experience, this was a place that people often stored contraband. Inside the matchbox were seven rocks of what was later identified as crack cocaine.

Defense counsel objected to the admission of the cocaine, arguing that the pat-down was actually a pretextual search for drugs. The trial court held that the cocaine was admissible because Mason consented to the search.

The transcript shows, however, that Mason only consented to the officer's taking the box out of Mason's pocket. There is no testimony that Mason consented to the officer's opening of the box. The officer's testimony is clear that he did not open the box because Mason gave him permission, but rather because, in his experience, people often stored contraband in this type of box.

> Under the plain feel doctrine, if, during a lawful pat-down search, an officer feels an object whose contours or mass makes it immediately identifiable as contraband, that officer can seize the item. Thus, for evidence to be admissible under the plain feel doctrine, the searching officer must express a degree of certainty in identifying the item. This is so because a pat-down search is conducted solely for the purpose of insuring the safety of the officer and of others nearby, not to procure evidence for use at a subsequent trial. [*Patman v. State*, 244 Ga. App. 833, 834-835 (537 SE2d 118) (2000).]

(Punctuation omitted.) *Parnell v. State*, 280 Ga. App. 665, 670 (2) (b) (634 SE2d 763) (2006). If the object is contraband, its warrantless seizure would be justified by the same practical considerations that inhere in the plain-view context. *Minnesota v. Dickerson*, 508 U. S. 366, 375-376 (113 SC 2130, 124 LE2d 334) (1993).

In this case, although the matchbox in Mason's pocket was not immediately identifiable as contraband, Mason gave the officer permission to remove the matchbox from his pocket. At that point, the box was in plain view; but, just as in the plain-feel doctrine, the officer cannot seize it unless it is readily identifiable as contraband; see, e.g., *Parks v. State*, 150 Ga. App. 446 (258 SE2d 66) (1979) (motion to suppress was properly denied because marijuana seeds were in plain view and readily identifiable as contraband) or, there is a possibility that the box could contain a weapon. See, e.g., *Davis v. State*, 232 Ga. App. 450, 451 (501 SE2d 241) (1998) (officer could open hard box found in defendant's pocket because he could reasonably believe it might contain a weapon).

In a case almost directly on point, an officer retrieved a wooden box during a pat-down search, pulled it from the suspect's pocket and then opened it. *Cartwright v. State*, 265 Ga. App. 520, 521 (594 SE2d 723) (2004). The officer stated that she opened the box because in the past she had come across similar boxes containing marijuana or other drugs. Id. This Court reversed the trial court's denial of the motion to suppress, holding that the "search clearly exceeded the scope of a weapons pat-down." Id.

Similarly, in *State v. Jourdan*, 264 Ga. App. 118, 119 (589 SE2d 682) (2003), the defendant consented to a search for weapons. After patting down his outer clothes, rangers asked him if he would remove his coveralls and allow another search. Defendant consented. The rangers found a cigarette box in defendant's pocket and asked him to remove it. Id. The ranger opened the box and discovered methamphetamine. Id.

The trial court held that searching the contents of the cigarette box was "improper and invalid" because there was nothing about the box itself that made the ranger think the box contained a weapon. *Jourdan*, supra at 120. In affirming the trial court, this Court held that the State had not shown that the consent extended to the opening of the box and therefore the search exceeded its lawful scope. Id. at 121, 123.

Likewise, in the instant case, the State introduced no evidence that Mason consented to the officer's opening of the box, the officer was not concerned that a weapon was hidden in the box, and the box was not readily identifiable as contraband. Therefore, the search exceeded the permissible scope of a pat-down for weapons. *Cartwright*, supra; *Jourdan*, supra. Accordingly, the trial court erred in not granting Mason's motion to suppress this evidence.

*Judgment reversed. Ellington and Adams, JJ., concur.*

DECIDED MAY 30, 2007.

*Mary Erickson*, for appellant.
*Leigh E. Patterson, District Attorney, Natalee L. Staats, Assistant District Attorney*, for appellee.