A07A0576. THE STATE v. UNDERWOOD.
(647 SE2d 338)

ADAMS, Judge.

The trial court granted Matthew Underwood's motion to exclude evidence of the results of a state administered breath test, and the State appeals.

The record shows the following pertinent facts: Underwood was stopped because the vehicle he was driving matched the description of a vehicle police were looking for in connection with an alleged hit and run of a pedestrian in the parking lot of the Buffalo's Café on Highway 92 in Cherokee County. One of the officers who was at the scene testified at the motion to suppress hearing that Underwood smelled of alcohol and that he admitted he had consumed several beers. The officer further testified that Underwood had a pipe in his car that he admitted was for drug use. The officer asked Underwood to step out of the car and put his hands behind his back and told him he was being placed under arrest for having drug related items and hit and run. The videotape made at the time of the arrest shows that the officer told Underwood that he was being arrested for possession

of marijuana and that the hit and run incident was still under investigation. The officer testified and the videotape shows that the officer read Underwood the implied consent notice almost immediately after he was placed under arrest. The videotape shows that after the officer read the implied consent notice, Underwood indicated "sir, I don't understand exactly what that means" but indicated he wanted to take a breathalyzer test. At the hearing, the officer further testified that he would not have read the implied consent notice to Underwood if he had not also been under arrest for driving under the influence.

Following the hearing, the trial court entered an order excluding the results of the breath test. The trial court found that although probable cause existed to arrest Underwood for DUI, Underwood had been arrested only for possession of drug related items at the time the implied consent notice was read to him. The trial court held that it therefore felt compelled to exclude the evidence under the holdings of *Buchanan v. State*, 264 Ga. App. 148, 150 (1) (589 SE2d 876) (2003), and *Hough v. State*, 279 Ga. 711, 715 (2) (a) (620 SE2d 380) (2005).

We are constrained to agree. OCGA § 40-5-55 (a) provides in relevant part that

> any person who operates a motor vehicle upon the highways or elsewhere throughout this state shall be deemed to have given consent, subject to Code Section 40-6-392, to a chemical test or tests of his or her blood, breath, urine or other bodily substances for the purpose of determining the presence of alcohol or any other drug, *if arrested for any offense arising out of acts alleged to have been committed in violation of Code Section 40-6-391. . . .*

(Emphasis supplied.)

Thus, consent is implied under the highlighted clause of that statute only if a suspect is under arrest for allegedly driving under the influence of alcohol or drugs in violation of OCGA § 40-6-391.[1] *Buchanan v. State*, 264 Ga. App. at 150. Although the suspect does not have to be "formally" arrested as long as the suspect's liberty is in fact restrained and he does not believe his detention is temporary, *Hough v. State*, 279 Ga. at 716 (2) (a); *State v. Norris*, 281 Ga. App. 193 (635 SE2d 810) (2006), neither this Court nor our Supreme Court has held that consent is implied and the notice properly read when the officer

---

[1] There is no issue in this case involving the applicability of the "serious injuries or fatality" portion of OCGA § 40-5-55 (a). See *Hough v. State*, 279 Ga. at 713 (1) (a).

has probable cause to arrest for a suspected violation of OCGA § 40-6-391 but the arrest, formal or otherwise, is actually effectuated for a non-DUI offense.

In this case, the determination of whether Underwood was under arrest only for the offense of possessing drug related items or whether he was also under arrest for a violation of OCGA § 40-6-391 at the time the implied consent notice was read to him was an issue of fact for the trial court to decide, and the trial court determined that Underwood was under arrest only for possession of drug related items at that time. Based on our review of the hearing transcript and the videotape from the stop, and construing that evidence to support the trial court's findings, as we must on appeal, we cannot say that finding was clearly erroneous. *Tate v. State*, 264 Ga. 53 (1) (440 SE2d 646) (1994) (standard of review to be applied by appellate court reviewing trial court's decision on a motion to suppress). We therefore affirm the trial court's order granting the motion to exclude the evidence of the results of the state administered breath test.

*Judgment affirmed. Andrews, P. J., and Ellington, J., concur.*

DECIDED JUNE 1, 2007 — 

*David L. Cannon, Jr., Solicitor-General, Barry W. Hixson, Assistant Solicitor-General*, for appellant.

*Charles T. Magarahan*, for appellee.