S07G1511. THE STATE v. UNDERWOOD.
(661 SE2d 529)

SEARS, Chief Justice.

In 2005, Matthew P. Underwood was pulled over, placed under arrest, and read the statutory implied consent warning. Underwood consented to drug and alcohol testing but later moved to suppress the unfavorable results at trial. The trial court granted Underwood's suppression motion, and the Court of Appeals affirmed the trial court's judgment.[1] We granted the State's petition for certiorari to answer the following question:

Did the Court of Appeals err in affirming the grant of a defendant's motion to suppress the results of a State-administered breath test where an officer who had probable cause to arrest a defendant for DUI read the implied consent rights of OCGA § 40-5-55[2] to the defendant but arrested

---

[1] *State v. Underwood*, 285 Ga. App. 640 (647 SE2d 338) (2007).

[2] OCGA § 40-5-55 (a) provides in relevant part as follows:
   The State of Georgia considers that any person who drives or is in actual physical control of any moving vehicle in violation of any provision of Code Section 40-6-391 [i.e., the DUI statute] constitutes a direct and immediate threat to the welfare and

the defendant . . . for a non-DUI offense? See *Hough v. State*, 279 Ga. 711, 715 (2) (a) (620 SE2d 380) (2005).

We have determined that the Court of Appeals erred in affirming the trial court's grant of the motion to suppress. Accordingly, we now reverse.

The following facts are undisputed. In 2005, Underwood was pulled over as a suspect in a hit-and-run incident. Underwood displayed obvious signs of intoxication, and a crack pipe fell out of his glove compartment as he was searching for his insurance card to show to the investigating officer. As the officer was putting Underwood in handcuffs, Underwood inquired whether he was under arrest. The officer responded that he was and mentioned two potential charges: hit-and-run and possession of illegal drug paraphernalia. The officer did not explicitly advert to any DUI charges at that precise moment, but shortly thereafter, he read Underwood the statutory implied consent warning, which is replete with references to DUI.[3] Underwood consented to be tested for drugs and alcohol in his system, and the results showed that he had a blood-alcohol concentration of 0.161, well above the legal limit.

The State eventually charged Underwood with reckless driving, two drug offenses, and two counts of DUI, and Underwood filed a

---

safety of the general public. Therefore, any person who operates a motor vehicle upon the highways or elsewhere throughout this state shall be deemed to have given consent, subject to Code Section 40-6-392, to a chemical test or tests of his or her blood, breath, urine, or other bodily substances for the purpose of determining the presence of alcohol or any other drug, if arrested for any offense arising out of acts alleged to have been committed in violation of Code Section 40-6-391 or if such person is involved in any traffic accident resulting in serious injuries or fatalities.

[3] The statutory implied consent notice for adults 21 years of age and older provides as follows:

Georgia law requires you to submit to state administered chemical tests of your blood, breath, urine, or other bodily substances for the purpose of determining if you are under the influence of alcohol or drugs. If you refuse this testing, your Georgia driver's license or privilege to drive on the highways of this state will be suspended for a minimum period of one year. Your refusal to submit to the required testing may be offered into evidence against you at trial. If you submit to testing and the results indicate an alcohol concentration of 0.08 grams or more, your Georgia driver's license or privilege to drive on the highways of this state may be suspended for a minimum period of one year. After first submitting to the required state tests, you are entitled to additional chemical tests of your blood, breath, urine, or other bodily substances at your own expense and from qualified personnel of your own choosing. Will you submit to the state administered chemical tests of your (designate which tests) under the implied consent law?

OCGA § 40-5-67.1 (b) (2). The implied consent notice given to individuals under the age of 21 is identical except that the number "0.02" is substituted for "0.08." OCGA § 40-5-67.1 (b) (1). The implied consent notice for commercial motor vehicle drivers contains additional variations from the standard text for adults 21 and over. See OCGA § 40-5-67.1 (b) (3).

motion to suppress the results of the drug and alcohol testing. Underwood argued that the results were not admissible under the implied consent law because at the time the implied consent warning was read, he had not been "arrested for any offense arising out of acts alleged to have been committed in violation of" the DUI statute.[4] Underwood seized on the arresting officer's mention of the crimes of possession of illegal drug paraphernalia and hit-and-run as he was placing Underwood in handcuffs as proof that he was "arrested for" those crimes and not for a violation of the DUI statute.

The trial court expressly found that the officer had probable cause to arrest Underwood for DUI but held, based on the officer's statement, that Underwood was not "arrested for" an offense arising out of the acts that constitute DUI and granted the suppression motion on that basis. The Court of Appeals felt bound by what it described as the trial court's resolution of "an issue of fact" and concluded it could not say, based on the evidence in the record, that the trial court's factual finding was clearly erroneous.[5] The Court of Appeals therefore affirmed the trial court's judgment granting the motion to suppress.

The Court of Appeals applied the wrong standard of review to the trial court's judgment. In cases such as this, where the facts relevant to a suppression motion are undisputed, the proper standard of review on appeal is de novo, not clearly erroneous.[6] Our statement in *Vansant v. State* applies equally well in this case:

> While the trial court's findings as to disputed facts in a ruling on a motion to suppress will be reviewed to determine whether the ruling was clearly erroneous, where the evidence is uncontroverted and no question regarding the credibility of witnesses is presented, the trial court's application of the law to undisputed facts is subject to de novo appellate review. [Cit.] While we recognize that a trial court's ruling frequently involves a mixed question of fact

---

[4] OCGA § 40-5-55 (a). The DUI statute criminalizes driving or being in actual physical control of a motor vehicle if a person: (1) is under the influence of alcohol, drugs, glue, aerosol, or other toxic vapor to the extent that it is less safe to drive; (2) has an alcohol concentration of 0.08 grams or more at any time within the next three hours; or (3) has any amount of marijuana or another controlled substance in his or her blood or urine. OCGA § 40-6-391 (a). There is an extremely limited exception for prescription medications. OCGA § 40-6-391 (b).

[5] 285 Ga. App. at 642.

[6] *Silva v. State*, 278 Ga. 506, 507 (604 SE2d 171) (2004); *Lee v. State*, 270 Ga. 798, 802 (514 SE2d 1) (1999); *Hughes v. State*, 269 Ga. 258, 259 (497 SE2d 790) (1998); *Vansant v. State*, 264 Ga. 319, 320 (443 SE2d 474) (1994).

and law, such is not the case in the instant appeal. Accordingly, we will conduct a de novo review of the trial court's ruling.[7]

Had the Court of Appeals applied the proper standard of review, we have no doubt that it would have concluded, as we do, that the trial court erred in granting the motion to suppress. As the trial court held and the Court of Appeals acknowledged, the arresting officer had probable cause to arrest Underwood for violating the DUI statute. The officer then arrested Underwood and read him the statutory implied consent warning. The coincidence of probable cause to arrest Underwood for a violation of the DUI statute and Underwood's actual arrest meant that Underwood was, as a matter of law, "arrested for an[ ] offense arising out of acts alleged to have been committed in violation of" the DUI statute.[8] Accordingly, the Court of Appeals erred in affirming the trial court's judgment granting the motion to suppress.

*Judgment reversed. All the Justices concur.*

DECIDED MAY 19, 2008.

*David L. Cannon, Jr., Solicitor-General, Barry W. Hixson, Rebekah R. Shelnutt, Assistant Solicitors-General*, for appellant.
*Charles T. Magarahan*, for appellee.

---

[7] *Vansant*, 264 Ga. at 320. See *Tate v. State*, 264 Ga. 53, 54 (440 SE2d 646) (1994).

[8] See *Hough*, 279 Ga. at 716-717. Compare *Devenpeck v. Alford*, 543 U. S. 146, 152-156 (125 SC 588, 160 LE2d 537) (2004) (squarely rejecting proposition that probable cause inquiry must be "confined to the known facts bearing upon the offense actually invoked at the time of arrest").