## A12A0067. THE STATE v. TAPLIN.
(731 SE2d 60)

McFADDEN, Judge.

Steve Taplin was indicted for aggravated assault, possession of a firearm during the commission of a crime, cruelty to a child in the third degree and driving with a suspended license. The trial court granted Taplin's motion to suppress evidence of a gun found in his truck during a warrantless search incident to his arrest, and the state appeals. Because the uncontroverted evidence demonstrated, as a matter of law, that Taplin was arrested for the crime of aggravated assault, and because it was reasonable for an officer to believe that the truck contained evidence related to that crime, the warrantless search was permitted pursuant to *Arizona v. Gant*, 556 U. S. 332 (129 SC 1710, 173 LE2d 485) (2009). Accordingly, we reverse.

On reviewing a trial court's ruling on a motion to suppress, evidence is construed most favorably to uphold the findings and judgment, and the trial court's findings on conflicting evidence will not be disturbed if there is any evidence to support them. *Tate v. State*, 264 Ga. 53, 54 (1) (440 SE2d 646) (1994). But "where the evidence is uncontroverted and no question regarding the credibility of witnesses is presented, the trial court's application of the law to undisputed facts is subject to de novo appellate review." (Citations omitted.) *Vansant v. State*, 264 Ga. 319, 320 (1) (443 SE2d 474) (1994).

The only evidence presented at the suppression hearing was the testimony of police officer Larry Sanford. He testified that around noon on November 29, 2009, he was dispatched to a domestic dispute with information that a person named Steve Taplin had pointed a firearm at his child's mother and then driven away from an apartment complex in a black pickup truck. One to two minutes later, as Officer Sanford was en route to the scene, he saw a black pickup truck leaving the vicinity of the apartment complex. He determined by checking the license tag that the pickup truck was registered to Steve Taplin. A dispatcher also informed him that Taplin's driver's license was suspended.

Officer Sanford testified that, "based on the possibility of a firearm being in the vehicle," he did not immediately initiate a traffic

stop but, along with an officer in another vehicle, continued following the truck for another five to ten minutes. He then initiated what he described as a "felony traffic stop." The two officers got out of their vehicles with their firearms drawn and asked Taplin to place his hands outside the truck's window. Taplin did not comply but instead "look[ed] around in the vehicle toward the center of the vehicle compartment." A third officer arrived on the scene, and Officer Sanford ordered Taplin to step out of the truck and face away from him. Taplin did so, but repeatedly tried to look and reach inside the truck, telling the officers that he was looking for his identification. Ultimately, he complied with commands to walk backwards toward the officers, get on his knees on the ground, and cross his legs behind him. One of the officers approached him and placed him in handcuffs. Taplin then was taken to the rear of one of the police vehicles. The officers asked his name and determined that he was Steve Taplin. They also sought consent to search the truck, but Taplin refused.

At that point, one of the officers "cleared the rest of the vehicle, mak[ing] sure there [were] no other occupants inside the vehicle." Officer Sanford then checked the area of the truck where he had noticed Taplin looking and found a firearm under the driver's seat cushion cover.

In *Arizona v. Gant*, the Supreme Court of the United States held that "circumstances unique to the vehicle context justify a search incident to a lawful arrest when it is reasonable to believe evidence relevant to the crime of arrest might be found in the vehicle." (Citation and punctuation omitted.) *Gant*, 556 U. S. at 343 (III). In granting Taplin's motion to suppress, the trial court noted that Officer Sanford had not specifically identified the crime for which he had arrested Taplin. Thus, the court stated:

> Both sides make conclusions about what the arrest was for, with the State claiming it was for the Aggravated Assault and the Defendant contending it was for the suspended license. Without a clear record and with the law that it is the State's burden to show the legality of the search, the Court finds that the burden has not been met by the State. Consequently, the Court is unable to ascertain whether it was reasonable for the Officer to believe that evidence relevant to the specific crime of the arrest might be found in the vehicle.

See generally *State v. Massa*, 273 Ga. App. 596, 597 (615 SE2d 652) (2005) (state bears the burden of showing circumstances constituting an exception to the general prohibition against warrantless searches and seizures).

In light of the Supreme Court of Georgia's opinion in *State v. Underwood*, 283 Ga. 498 (661 SE2d 529) (2008), the trial court erred in granting the motion to suppress. The Supreme Court held in *Underwood* that, under the uncontroverted facts of that case, "[t]he coincidence of probable cause to arrest [a defendant] for a violation [of a particular statute] and [the defendant's] actual arrest meant that [the defendant] was, *as a matter of law*, arrested for [a violation of that] statute." (Citations and punctuation omitted; emphasis supplied.) Id. at 501. Consequently, applying a de novo standard of review, the Supreme Court reversed this Court's ruling that the determination of the offense for which the defendant had been arrested was an issue of fact for the trial court to decide and that, construing the evidence to support the trial court's findings, that determination was not clearly erroneous. Id. at 500-501; see *State v. Underwood*, 285 Ga. App. 640, 642 (647 SE2d 338) (2007).

As in *Underwood*, the undisputed facts in this case showed a coincidence of probable cause to arrest Taplin for aggravated assault and Officer Sanford's actual arrest of him, and this coincidence demonstrated, as a matter of law, that Taplin was arrested for the crime of aggravated assault, contrary to the trial court's finding. *Underwood*, 283 Ga. at 501. The totality of the circumstances supported a finding that at the time of Taplin's arrest, Officer Sanford had probable cause to arrest him for aggravated assault, specifically the dispatches naming "Steve Taplin" as the perpetrator and indicating that the truck stopped by the officer was registered to "Steve Taplin," the match of the truck to the description provided in the dispatches, the location of the truck near the scene of the aggravated assault, the officers' identification of the truck's driver as Steve Taplin, and Taplin's behavior upon being stopped. See *Brown v. State*, 278 Ga. 724, 727 (2) (609 SE2d 312) (2004) (probable cause to arrest was supported by detailed information received from a police advisory describing the appearance of persons suspected of murder, attempted armed robberies and assaults and describing the car in which they were riding, and by officers' observation of a gun on the floorboard of the car during an investigative stop); *Boykins-White v. State*, 305 Ga. App. 827, 832 (4) (701 SE2d 221) (2010) (probable cause to arrest before officer searched defendant was supported by evidence that an officer received a radioed alert of the appearance and location of two armed robbery suspects and observed near the location a person matching the description who was crawling in a ditch and removing his pants); *Burgess v. State*, 290 Ga. App. 24, 27 (658 SE2d 809) (2008) (probable cause to arrest was supported by the report of property owner that she had been told persons were growing marijuana on her property, the report of another witness that two persons

had recently entered the property in a black truck, the discovery of a black truck on the property with yard tools in its bed, and the defendant's behavior in failing to comply with the officers' commands when they encountered him near the truck).

Given the evidence that Taplin allegedly had pointed a gun at the aggravated assault victim before leaving the scene in his truck, along with the evidence of Taplin's movements inside the truck and his persistent efforts to reach and look into the truck during the stop, it was reasonable to believe that evidence relating to the aggravated assault (the gun) might be found in the truck, and thus the warrantless search of the truck incident to Taplin's arrest was justified. *Gant*, 556 U. S. at 343 (III). Consequently, the trial court erred in granting the motion to suppress. See *Underwood*, 283 Ga. at 501.

*Judgment reversed. Barnes, P. J., and Adams, J., concur.*

DECIDED APRIL 12, 2012.

*Lee Darragh, District Attorney, Shiv Sachdeva, Assistant District Attorney*, for appellant.

*Adam S. Levin*, for appellee.