**FIRST DIVISION
PHIPPS, C. J.,
ELLINGTON, P. J., and BRANCH, J.**

**NOTICE: Motions for reconsideration must be
*physically received* in our clerk's office within ten
days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules/**

**November 22, 2013**

# In the Court of Appeals of Georgia

A13A1390. MCCORMACK v. THE STATE.

PHIPPS, Chief Judge.

After a bench trial, James McCormack was convicted of two counts of possessing a controlled substance (alprazolam and hydrocodone),[1] two counts of possessing drugs not in the original containers,[2] and being a pedestrian on the roadway.[3] On appeal, McCormack contends, inter alia, that the trial court erred by denying his motion to suppress evidence obtained after police stopped and searched

---

[1] OCGA §§ 16-13-30 (a) (prohibiting possession of controlled substances, under specified circumstances), 16-13-28 (a) (1) (defining alprazolam as a controlled substance), 16-13-26 (1) (A) (ix) (defining hydrocodone as a controlled substance).

[2] OCGA § 16-13-75 (a) (pertinently providing that possession of controlled substances shall be legal only if such drugs are in the original container in which they were dispensed by the pharmacist and are labeled according to OCGA § 26-3-8).

[3] OCGA § 40-6-96 (c).

him. For the reasons that follow, we hold that the state failed to prove that the officer's opening of a pill container found in McCormack's pocket was justified on the bases claimed below, and therefore reverse the judgment of conviction on the controlled substances charges. However, because the conviction for being a pedestrian on the roadway was not based on unlawfully seized evidence, and McCormack has not asserted error in connection with that conviction, that conviction is affirmed.

1. McCormack contends that the trial court erred by denying his motion to suppress evidence obtained during a stop and search of his person. Specifically, he asserts that the warrantless search and seizure were not justifiable based either on *Terry*[4] or on his consent, as argued by the state. We agree.

> In reviewing the grant or denial of a motion to suppress, we construe the evidence in a light most favorable to upholding the trial court's findings and judgment. When the trial court's findings are based upon conflicting evidence, we will not disturb the lower court's ruling if there is any evidence to support its findings, and we accept that court's credibility assessments unless clearly erroneous. The trial court's

---

[4] See *Terry v. Ohio*, 392 U. S. 1 (20 LE2d 889, 88 SCt 1868) (1968).

2

application of law to undisputed facts, however, is subject to de novo review.[5]

Construing the evidence most favorably to uphold the findings and judgment, the evidence showed the following. A police officer testified that on December 10, 2011, at approximately 11:30 a.m., he responded to a report of a "person walking in the roadway causing a traffic hazard." When the officer arrived, he saw McCormack walking in the roadway, and saw vehicles "stop to avoid hitting him." The officer approached McCormack and asked what he was doing in the roadway. McCormack "appeared to be under the influence of something, his speech was slurred and he didn't seem . . . coherent."

The officer saw a pocket knife clipped to the outside of McCormack's pants pocket. He then conducted "a pat-down to make sure [McCormack] didn't have anything on him, any illegal substances or [other] weapons." The officer felt a small square hard box in McCormack's pants pocket. The officer testified that he did not believe that the object was a weapon, instead "believ[ing] it to be contraband" because people "put narcotics and illegal substances in those containers" and McCormack appeared to be "under the influence of something." The officer testified

---

[5] *Adkinson v. State*, 322 Ga. App. 1 (743 SE2d 563) (2013) (citation omitted).

3

that he was not *certain* from patting down McCormack's clothing that the pill box, a type which he confirmed could be purchased at a store and which people also use to store medication such as aspirin, was contraband.

The officer asked McCormack what the object was. McCormack replied that it was a box for his pills. The officer asked McCormack if he (the officer) could remove the box from the pocket, and McCormack replied "yes." The officer removed the box and asked McCormack what was inside. McCormack replied that the box contained Xanax and Loratab pills. The officer opened the box and found pills inside; the pills were not in their original containers. The parties stipulated below that the pills (though identified by different names at the hearing) were alprazalam and hydrocodone, and that McCormack did not have prescriptions for the drugs.

Both McCormack and the arresting officer testified at the hearing on the motion to suppress. To the extent their testimony conflicted, the court specifically found the officer's testimony more credible.

In moving to suppress the items seized and statements he had made about the pills, McCormack argued that a *Terry* pat-down was not authorized and that, even if it were, the officer exceeded the lawful scope of such a search by removing the pill box and opening it without McCormack's consent. The state countered that the search

4

was justified because the officer was authorized to frisk McCormack for weapons, during the frisk the officer felt a pill box that he believed it to be contraband, and McCormack consented to the officer's retrieval of the pill box. The state argued that "ultimately, this case comes down to credibility as far as the consent issue," that McCormack had consented to the retrieval of the box, and "whether or not he was allowed to open it is not at issue here." In denying the motion, the court found that the officer was justified in patting down McCormack for weapons, and that McCormack had consented to the removal of the box from his pocket; notably, the court said nothing about whether consent to the opening of the box was given or necessary. The court found that the search of the box was consensual and lawful.

(a) *Was the opening of the box justifiable as part of a Terry pat-down?* It was not.

> [T]he narrow purpose of a *Terry* pat-down is to ensure the safety of the officer and others at the scene, and its purpose is *not* to obtain evidence of crimes for use at trial. Any search which exceeds this constitutionally permissible purpose, therefore, is deemed constitutionally unreasonable, and any evidence resulting from such a

search must be excluded. Thus, under *Terry* and its progeny an officer is authorized to pat down only a suspect's outer clothing.[6]

"[I]f, during a lawful pat-down search, an officer feels an object whose contours or mass makes it immediately identifiable as contraband, that officer can seize the item."[7] "[A] pat-down search is conducted solely for the purpose of insuring the safety of the officer and of others nearby, not to procure evidence for use at a subsequent trial."[8] Further, "[n]othing in *Terry* can be understood to allow a generalized cursory search for weapons or, indeed, any search whatever for anything but weapons."[9]

In this case, the officer saw a pocket knife clipped to McCormack's pants pocket as he walked in the middle of the roadway and was authorized "to undertake a protective 'pat down' of the outer surface of clothing for weapons if [he] ha[d] reasonable apprehension that [McCormack] [wa]s armed or dangerous, and limited

---

[6] *Williams v. State*, 318 Ga. App. 715, 718 (734 SE2d 535) (2012) (citations omitted).

[7] *Mason v. State*, 285 Ga. App. 596, 597 (647 SE2d 308) (2007).

[8] Id. (citations omitted).

[9] *Cartwright v. State*, 265 Ga. App. 520, 521 (594 SE2d 723) (2004) (footnote omitted).

questioning reasonably related to the circumstances that justified the initiation of the momentary stop."[10] Assuming arguendo that the officer's apprehension that McCormack had other weapons was reasonable and the pat-down for weapons was thus permitted, the officer could not have lawfully either removed the box or opened it as part of a *Terry* pat-down for weapons.[11] The officer testified that he did not believe that the small box he felt in McCormack's pocket during the pat-down was a weapon, and he was not able to immediately identify it as contraband; he testified that he was not certain that the pill box was contraband, and asked McCormack what the box was and what it contained.

Thus, given the state's burden of proving that the warrantless search was lawful,[12] and its stated justification below for the search (namely, that McCormack consented to the officer's removal of the pill box from his pocket during a lawful

---

[10] See *Davis v. State*, 232 Ga. App. 450, 451 (1) (501 SE2d 241) (1998) (citation and punctuation omitted).

[11] See *Williams*, supra*; Brown v. State*, 293 Ga. App. 564, 566 (1) (667 SE2d 410) (2008); *Cartwright*, supra.

[12] See *Carter v. State*, 319 Ga. App. 624, 625 (737 SE2d 724) (2013).

7

*Terry* frisk), the opening of the box would have to have been justified based on McCormack's consent.[13]

(b) *Was the opening of the pill box lawful based on McCormack's consent?* While the removal of the pill box from the pocket was justifiable based on consent, the opening was not.

"[I]t is the State that bears the burden of proving that [McCormack] voluntarily consented to the removal of the [box] and the subsequent search thereof, and we are required to scrutinize closely any alleged consent given by a suspect to police."[14]

Although the trial court found that McCormack had consented to the officer removing the pill box from his pocket (as the law authorized it to find from the evidence presented), "the State introduced no evidence that [McCormack] consented to the officer's opening of the box."[15] Therefore, the state failed to show, and the court erred by finding, that the search of the box was valid because McCormack had

---

[13] Id.; *Morris v. State*, 239 Ga. App. 100, 101 (1) (a) (520 SE2d 485) (1999) ("A valid consent eliminates the need for either probable cause or a search warrant.") (citations and punctuation omitted).

[14] *Williams*, supra at 718-719 (citation omitted); see *State v. Jourdan*, 264 Ga. App. 118, 120 (1) (589 SE2d 682) (2003).

[15] *Mason*, supra at 597-598.

8

consented.[16] Thus, the state failed to meet its burden of proving that the search was lawful in this case.[17]

Notably, the state asserts on appeal that the officer was also authorized to open the box incident to McCormack's arrest, and that the officer had "probable cause to believe that the box contained contraband" based on McCormack's behavior and "his voluntary admission regarding his possession of Lortab and Xanax." But "[t]he state

---

[16] See id. (reversing the denial of motion to suppress where, during *Terry* pat-down, defendant consented to the officer removing a matchbox from his pocket, but there was no evidence that defendant had consented to the officer opening the matchbox; the fact that in the officer's experience people often stored contraband in such boxes did not justify opening the box, as the box was not readily identifiable as contraband and the officer was not concerned that a weapon was hidden therein); *Cartwright* (reversing the denial of motion to suppress where an officer retrieved a box during a pat-down search for weapons, pulled it from the defendant's pocket and then opened it; the search exceeded the scope of a weapons pat-down even though officer had come across similar boxes containing illegal drugs); *Jourdan*, supra (affirming the grant of a motion to suppress where the defendant had consented to a pat-down for weapons but, after the officer patted him down, found a cigarette box in the defendant's pocket and asked him to remove it, the officer opened the box and found methamphetamine; searching the contents of the box exceeded the scope of the lawful pat-down, because the officer did not think that the box contained a weapon, and the state had not shown that the defendant's consent to the pat-down extended to the opening of the box). Compare *Morris v. State*, 239 Ga. App. 100, 101 (520 SE2d 485) (1999) (search of matchbox found during pat-down was lawful based on defendant's consent, where officer asked whether he could examine the box and defendant told him to "go ahead.").

[17] See *Cartwright*, supra at 522 (1).

9

did not make [these] argument[s] at the trial level and thus has waived its right to argue [them] on appeal."[18]

Accordingly, the court erred in denying McCormack's motion to suppress,[19] and the judgment of conviction as to the four controlled substance counts is reversed.[20]

2. Based on our holding in Division 1, we do not consider McCormack's contention regarding the court's overruling of his objection to the admission of a police report in evidence at the hearing.

3. Inasmuch as McCormack does not assert any error as to the pedestrian on a roadway conviction, and that conviction is supported by sufficient evidence

---

[18] *State v. McCarthy*, 288 Ga. App. 426, 429 (2) (654 SE2d 239) (2007) (citation omitted); see generally *Harper v. State*, 285 Ga. App. 261, 266 (2) (645 SE2d 741) (2007).

[19] See *Cartwright*, supra at 521 (1).

[20] See *Mason*, supra at 598.

independent of that which should have been suppressed,[21] that conviction is affirmed.[22]

*Judgment reversed in part and affirmed in part. Ellington, P. J., and Branch, J., concur.*

---

[21] The officer testified that he saw McCormack walking in the middle of the roadway, and that vehicles "were having to stop to avoid hitting him." See OCGA § 40-6-96; see generally *Jackson v. Virginia*, 443 U. S. 307, 319 (III) (B) (99 SCt 2781, 61 LE2d 560) (1979).

[22] See generally *Curry v. State*, 271 Ga. App. 672, 676-677 (2) (610 SE2d 635) (2005).