## S04A0961. WATKINS v. THE STATE.

(603 SE2d 222)

BENHAM, Justice.

Appellant Donald Maurice Watkins was convicted of the malice murder of Tavares Farley and sentenced to life imprisonment.[1] In his sole enumeration of error, he contends the trial court committed reversible error when it permitted the assistant district attorney to deliver a portion of his closing argument while seated in the witness chair, where the assistant district attorney purportedly asked the jury to feel the emotions of the witnesses they had heard.

1. At trial, the State presented the following evidence: the forensic pathologist who performed the autopsy on the victim testified the victim died as a result of a gunshot wound to his back that exited his chest and a gunshot wound to the back of his left leg that also exited the body. An eyewitness testified the victim was shot as he struggled to climb over a fence while running away from an armed man who was chasing him. Several residents of the apartment complex in which the shooting took place identified appellant as the man chasing the victim. One witness testified he saw appellant, armed with a gun, jump out of a car and run after the victim, saying "Tavares, you thought it was over." Another witness heard appellant threaten to kill the victim as appellant chased the victim. The evidence presented was sufficient to authorize the jury to find appellant guilty beyond a reasonable doubt of malice murder and possession of a firearm during the commission of a felony. *Jackson v. Virginia,* 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Appellant contends the trial court erred when it permitted the assistant district attorney to make his closing argument while seated in the witness chair and, while there, to comment on the bravery the witnesses displayed by testifying in a murder trial, the outcome of which was unknown. Trial counsel objected to the site from which the assistant district attorney delivered a portion of his closing argument, but did not object to the content of the argument. "When no

---

[1] The victim was killed on October 12, 2001. The Fulton County grand jury returned a true bill of indictment against appellant on December 31, 2001, charging him with malice murder, felony murder (aggravated assault), aggravated assault, and possession of a firearm during the commission of a felony. Appellant's trial commenced on February 10, 2003, and concluded on February 12 with the jury's return of its verdict finding appellant guilty on all counts. Appellant was sentenced to life imprisonment for malice murder and a five-year sentence for the firearm possession conviction. The felony murder conviction was vacated by operation of law, and the aggravated assault conviction merged as a matter of fact into the malice murder conviction. Appellant's motion for new trial, filed February 18, 2003, was denied on September 16. The notice of appeal was filed October 13, 2003, and the appeal was docketed in this Court on February 17, 2004. The case was submitted for decision on the briefs.

timely objection is interposed, the test for reversible error . . . is whether the improper argument in reasonable probability changed the result of the trial." *Pye v. State,* 269 Ga. 779, 787 (15) (505 SE2d 4) (1998). In light of the amount of compelling evidence presented against appellant, we are unable to say the assistant district attorney's comments concerning the bravery of witnesses to come forward met this high standard.

As for the assertion it was error to permit the assistant district attorney to sit in the witness chair as he addressed the jury during closing argument, we note "[c]ounsel is permitted wide latitude in closing argument, and any limitation of argument is a matter for the court's discretion." *Brown v. State,* 268 Ga. 354, 360 (8) (490 SE2d 75) (1997). See also *Singleton v. State,* 231 Ga. App. 694 (3) (500 SE2d 411) (1998). " 'No principle is better settled than that in the conduct of trials, both civil and criminal, a broad discretion is vested in the judge below, and that that discretion will not be controlled by this court unless it is manifestly abused.' [Cit.]" *Furlow v. State,* 272 Ga. 795, 796 (2) (537 SE2d 61) (2000). Seeing no manifest abuse of discretion, we affirm the judgment of conviction.

*Judgment affirmed. All the Justices concur, except Fletcher, C. J., who concurs specially as to Division 2.*

FLETCHER, Chief Justice, concurring specially.

The majority opinion holds that there was "no manifest abuse of discretion" in allowing the assistant district attorney to sit in the witness chair as he addressed the jury during closing argument (majority opinion, p. 415). While it appears that Georgia's appellate courts have not previously addressed this issue, appellate courts in other states have disapproved of this technique because of its potential "to blur the distinction between the roles of the trial participants."[2] I agree that trial judges must exercise great care to ensure that juries understand the different roles that the various trial participants play, and that allowing an attorney to argue from the witness chair may give the undue impression that the attorney — who is a zealous advocate for one side — is akin to a sworn witness testifying under penalty of perjury. Therefore, I would hold that allowing the assistant district attorney to close from the witness chair constituted error. In light of the compelling evidence against Watkins, however, the error was harmless, and thus I concur with the majority's decision to affirm his conviction.

---

[2] *Commonwealth v. Bradford,* 752 NE2d 773, 776 (Mass. App. Ct. 2001). See also *People v. Fletcher,* 509 NE2d 625, 629 (Ill. App. 1987).

DECIDED SEPTEMBER 27, 2004.

*Carl P. Greenberg*, for appellant.

*Paul L. Howard, Jr., District Attorney, Marc A. Mallon, Assistant District Attorney, Thurbert E. Baker, Attorney General, Raina Nadler, Assistant Attorney General*, for appellee.