### A07A1833. SUDDUTH v. THE STATE.
(654 SE2d 446)

ADAMS, Judge.

Lora Kimberly Sudduth was convicted following a bench trial of possession of methamphetamine. On appeal, she contends that the trial court erred in denying her motion to suppress. We agree and reverse.

The record and hearing transcript[1] show the following pertinent facts: Officer Topor of the Gwinnett County Police Department testified that he stopped Sudduth for speeding after he observed her going approximately 65 miles an hour in an area where the posted speed limit was 45 miles an hour. He also noticed that the vehicle did not have a tag as she drove past him. He asked Sudduth for her license and she began "fumbling around" to find it in her purse. She acknowledged to Topor that she was speeding and he testified that she appeared very nervous while she continued to look for her license. When she could not locate it in her purse, Topor allowed Sudduth to exit the vehicle to look for her license in the back seat and she started going through another purse and bag. At this point Topor observed her "quickly" cup her hand and then slide her hand into the pocket of her pants and keep it there. Topor testified this made him "very, very nervous" and that "obviously, . . . it was an officer safety issue," and he decided to pat her down for that reason. Topor then asked Sudduth what she had placed in her pocket, and she responded that she had not placed anything in her pocket and continued to keep her hand there. Topor told Sudduth that he needed to pat her down for his safety. She told him "no," and he "kept telling her" to remove her hand

---

[1] The parties agreed that the transcript from the motion to suppress hearing would be entered by stipulation at the bench trial, and other than admission of the crime lab report, no additional evidence concerning the stop was presented during the bench trial.

from her pocket. She eventually removed her hand from her pocket, but continued to keep her finger in the coin pocket of her pants. Topor instructed her to remove her finger and when she failed to comply he told her once again he was going to pat her down and then took her by her wrist and conducted the pat-down. During the pat-down, Topor felt a bulge in her pocket and "not knowing what it was, a weapon, could have been anything" he reached into her pocket and removed a cigarette pack containing a crystal flaky substance which Topor believed to be methamphetamine. On cross-examination, Topor agreed that he did not know what the bulge was when he felt it, and that he removed the item to find out what it was. After the substance found in her pocket field tested positive for methamphetamine, Topor placed Sudduth under arrest and searched her vehicle. During that search he found a glass pipe and a syringe.

1. Sudduth first argues that Topor did not have a reasonable articulable suspicion of criminal activity or a reasonable fear for his own safety to justify conducting the pat-down search. We disagree. It is well settled that under certain limited circumstances, a law enforcement officer may, for his own protection and safety, conduct a pat-down search of a suspect to determine if that person is armed. *State v. Pritchett*, 256 Ga. App. 698, 701 (1) (569 SE2d 616) (2002). In this case Topor testified he observed Sudduth place something in her pocket and then place her hand in her pocket. Sudduth refused to remove her hand although Topor repeatedly instructed her to do so and Topor became concerned for his safety because of Sudduth's actions. We find the officer was justified in conducting the pat-down under these circumstances. E.g., *Castleberry v. State*, 275 Ga. App. 37, 39 (2) (619 SE2d 747) (2005) (physical precedent only).

2. Sudduth contends that even if the pat-down was lawful, the seizure of the wrapper from her pocket exceeded the permissible scope of the pat-down search.

> A *Terry* pat-down, unlike a full search, is conducted for the purpose of ensuring the safety of the officer and of others nearby, not to obtain evidence for use at trial. It is a minimal intrusion reasonably designed to discover guns, knives, clubs, or other weapons that could prove dangerous to a police officer. Under *Terry*, an officer is authorized to pat down a suspect's outer clothing. He may intrude beneath the surface in only two instances: (1) if he comes upon something that feels like a weapon, or (2) if he feels an object whose contour or mass makes its identity as contraband immediately apparent, i.e., the "plain feel" doctrine.

(Footnotes omitted.) *Howard v. State*, 253 Ga. App. 158, 160 (558 SE2d 745) (2002). And "for evidence to be admissible under the plain feel doctrine, the searching officer must express a degree of certainty in identifying the item." *Patman v. State*, 244 Ga. App. 833, 834 (537 SE2d 118) (2000).

In this case, as stated above, the officer could not identify the object he felt as either a weapon, or by its contour and mass, contraband and thus the State concedes that the intrusion into Sudduth's pocket was impermissible under these facts. See also *Foster v. State*, 285 Ga. App. 441, 444 (646 SE2d 302) (2007); *State v. Henderson*, 263 Ga. App. 880, 884-885 (589 SE2d 647) (2003); *Howard v. State*, 253 Ga. App. at 160-161.

The State argues, however, that even if the search exceeded the permissible scope of a pat-down search, the evidence of contraband was nevertheless admissible under the inevitable discovery doctrine. "We have held that '(w)hen the evidence in question would inevitably (or ultimately) have been discovered without reference to the police error or misconduct, the evidence is admissible.' (Punctuation omitted.) *Gearin v. State of Ga.*[, 218 Ga. App. 390, 391 (1) (461 SE2d 562) (1995)]." *State v. Pritchett*, 256 Ga. App. at 703 (2). The State posits that the discovery of the methamphetamine was inevitable in this case because the officer would not have allowed Sudduth to drive her vehicle, which he testified did not have a tag, away from the scene and that when the vehicle was searched the pipe and syringe would have been found, providing probable cause for the search of Sudduth's person and the inevitable discovery of the methamphetamine in her pocket. However, no testimony was presented regarding the procedure that Topor would have followed in this situation and, even accepting the State's argument that Topor was required to impound the car since it did not have a tag, there is nothing to show that an inventory search would have been conducted immediately at the site of the stop. Likewise, there is nothing to show that Sudduth would have been present, whether the inventory search was conducted at the scene or subsequent to the vehicle being removed from the area, and thus nothing to show she would have been immediately searched as the State seems to contend. Accordingly, we do not agree with the State that the inevitable discovery rule applies to the facts of this case.

Based on the foregoing, the trial court erred in denying Sudduth's motion to suppress.

*Judgment reversed. Andrews, P. J., and Ellington, J., concur.*

DECIDED NOVEMBER 21, 2007.

*Clark & Towne, David E. Clark, Jessica R. Towne*, for appellant.
*Daniel J. Porter, District Attorney, John A. Warr, Assistant District Attorney*, for appellee.