## A09A0184. JOHNSON v. THE STATE.
(678 SE2d 539)

SMITH, Presiding Judge.

Randy Lee Johnson appeals from his convictions for possessing a trace amount of methamphetamine and giving a false name to a police officer. Johnson argues that the trial court erred by denying his motion to suppress because the State failed to meet its burden of demonstrating Johnson's voluntary consent to search. We agree and reverse.

"Where the evidence is uncontradicted and no question regarding the credibility of [the] witnesses is presented, the trial court's application of the law to the undisputed facts [when ruling on a motion to suppress] is subject to de novo appellate review." (Citation omitted.) *Morris v. State*, 239 Ga. App. 100 (1) (520 SE2d 485) (1999). Only one witness, the arresting officer, testified at the suppression hearing in this case.

The officer explained that he stopped the car in which Johnson was a passenger for crossing two times over the fog line. After obtaining identification from the driver, he asked her to identify the male passenger in the back of the car and she told the officer "his name was Randy." When the officer asked Randy Johnson for identification, he claimed that he did not have any and told the officer his name was Kenny Burns.

Because the officer smelled burnt marijuana when he first spoke to the driver, he asked for permission to search her vehicle. When she responded that she was "in a hurry to get home" and did not directly answer the officer's request for consent, he decided to use his dog to "conduct a free air sniff of the vehicle." He asked all of the occupants of the vehicle to get out and asked Johnson "for consent to pat him down and make sure he didn't have any weapons." The officer testified that "[h]e advised me that I could. Upon patdown of Mr. Randy Johnson, I felt what I knew to be an identification card in his front pocket. I asked Mr. Johnson to hand me the ID card and Mr. Johnson pulled out his ID, which showed his real, correct name and date of birth." The officer then arrested Johnson for giving a false name and date of birth. After Johnson was arrested, another officer thoroughly searched him and found a pen casing with a white

YALE LAW LIBRARY

powdery substance inside it that tested positive for methamphetamine.

When the officer was asked if Johnson ever withdrew his consent to search his person, the officer replied, "No ma'am. I just patted him down." The officer also explained that Johnson would not have been free to leave at the time of the pat-down search.

Johnson asserts that the State failed to meet its burden of proving that he voluntarily consented to hand the officer the identification card in his pocket. We agree.

"The State has the burden of proving the validity of a consensual search and must show the consent is given voluntarily. . . . And, we are required to scrutinize closely an alleged consent to search." (Citations, punctuation and footnotes omitted.) *State v. Jourdan*, 264 Ga. App. 118, 120-121 (1) (589 SE2d 682) (2003). In this case, the record demonstrates without dispute that Johnson expressly consented only to a pat-down search for weapons.

> A *Terry* pat-down, unlike a full search, is conducted for the purpose of ensuring the safety of the officer and of others nearby, not to obtain evidence for use at trial. It is a minimal intrusion reasonably designed to discover guns, knives, clubs, or other weapons that could prove dangerous to a police officer. Under *Terry*, an officer is authorized to pat down a suspect's outer clothing. He may intrude beneath the surface in only two instances: (1) if he comes upon something that feels like a weapon, or (2) if he feels an object whose contour or mass makes its identity as contraband immediately apparent, i.e., the "plain feel" doctrine.

(Citation, punctuation and footnotes omitted.) *Sudduth v. State*, 288 Ga. App. 541, 542 (2) (654 SE2d 446) (2007). Therefore, when the officer felt the identification card, he could not have lawfully intruded into Johnson's pocket to retrieve it. Id. at 543. See also *Foster v. State*, 285 Ga. App. 441, 444 (646 SE2d 302) (2007) (consent to search of pockets for weapons cannot be interpreted to extend to removal of contents of pockets unless officer felt weapon or contraband).

The State asserts that Johnson's conduct in complying with the officer's request to hand him the identification card in his pocket provided additional consent to search. Johnson counters that he was merely complying with an order of the officer at a time when he was not free to leave and that any consent implied from his conduct was not voluntary.

The voluntariness of consent is determined by the totality of the circumstances; no single factor controls. The standard for measuring the scope of a suspect's consent under the Fourth Amendment is that of objective reasonableness — what would the typical reasonable person have understood by the exchange between the officer and the suspect. The appropriate inquiry is whether a reasonable person would feel free to decline the officers' request to search or otherwise terminate the encounter.

(Citations, punctuation and footnote omitted.) *Jourdan*, supra, 264 Ga. App. at 121 (1).

The State cannot meet its burden of demonstrating voluntary consent when the record shows only "acquiescence to a claim of lawful authority." (Citation, punctuation and footnote omitted.) *State v. Jones*, 269 Ga. App. 325, 327 (604 SE2d 228) (2004). See also *State v. Stephens*, 289 Ga. App. 167, 169 (657 SE2d 18) (2008). In this case, the officer did not testify that he asked for and obtained Johnson's consent to obtain the identification card in his pocket. Compare *Morris v. State*, supra, 239 Ga. App. at 101 (officer asked "whether defendant minded" if officer examined bulge in pocket during pat-down and defendant responded "no, go ahead") (punctuation omitted). Instead, the officer ordered Johnson to hand him the identification card at a time when Johnson was not free to leave the scene. This evidence does not demonstrate that a reasonable person would have felt "free to decline the officers' request . . . or otherwise terminate the encounter." (Citations, punctuation and footnote omitted.) *Jourdan*, supra, 264 Ga. App. at 121 (1). Because the State failed to prove that Johnson voluntarily consented to a search of his pocket, the trial court erred by denying Johnson's motion to suppress. Id. at 120-121 (1); *Hollenback v. State*, 289 Ga. App. 516, 519 (657 SE2d 884) (2008) (voluntary consent not proved by defendant's conduct in handing keys to officer after officer declared he was going to search truck).

*Judgment reversed. Phipps and Bernes, JJ., concur.*

DECIDED MAY 14, 2009.

*Douglas P. Smith*, for appellant.
*Tommy K. Floyd, District Attorney, John A. Pipkin III, Assistant District Attorney*, for appellee.