## A09A1282. HARDY v. THE STATE.
(686 SE2d 789)

BARNES, Judge.

Shantario Hardy appeals his jury conviction for possession of cocaine with the intent to distribute (OCGA § 16-13-30 (b)), arguing that his trial counsel was ineffective for failing to object to comments regarding his right to remain silent and for failing to move to suppress evidence. For the following reasons, we affirm.

Viewed in favor of the verdict,[1] the evidence presented at trial showed that on November 25, 2004, Hardy stepped into line to enter a nightclub in Vienna. When a police officer working as a security guard patted down Hardy for weapons, he felt something pointed sticking out of Hardy's pocket. Concerned that Hardy might have a knife or some other weapon, the officer inquired about the object, but Hardy would only say that it was "nothing" and slipped his hands into his pockets. After being asked several times to remove the object from his pocket, Hardy finally pulled out his hands. Catching a glimpse of what looked like the top of a plastic bag, the officer asked Hardy what he held. At first, Hardy refused to open his hand, but then dropped the bag over a partition dividing the entrance and exit hallways of the club. After handcuffing Hardy, the officer recovered a bag containing several smaller bags of cocaine from the other side of the partition. Consequently, Hardy was charged and convicted of possession of cocaine with intent to distribute.

1. Hardy contends on appeal that his trial counsel was ineffective. The burden is on a defendant claiming ineffectiveness of counsel to establish that his attorney's representation in specific respects fell below an objective standard of reasonableness, and that "a reasonable probability [exists] that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U. S. 668, 695-696 (104 SC 2052, 80 LE2d 674) (1984). "The performance of counsel test requires counsel to perform reasonably under prevailing professional norms." *Wadley v. State*, 258 Ga. 465, 466-467 (3) (369 SE2d 734) (1988).

2. Hardy argues his trial counsel was ineffective for failing to object when the State asked the arresting officer if Hardy made a statement while in custody. The officer replied that Hardy did not make a statement, that he did not ask him to make a statement at

---

[1] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

that time, and that "[l]ater on, he was read *Miranda* and he refused to make a statement." The State asked, "He wouldn't make — didn't want to make a statement?" The officer said, "No, sir." Trial counsel testified at the motion for new trial hearing that he did not remember the issue from the trial.

The fact that a defendant exercised his right to remain silent may not be used against him at trial. *Durden v. State*, 250 Ga. 325, 327 (3) (297 SE2d 237) (1982).

> However, if the testimony concerning remaining silent is made during a narrative on the part of the authorities of a course of events and apparently was not intended to, nor did it have the effect of, being probative on the guilt or innocence of the defendant it is not prejudicial. In fact, to reverse a conviction, the evidence of the defendant's election to remain silent must point directly at the substance of the defendant's defense or otherwise substantially prejudice the defendant in the eyes of the jury.

(Citations and punctuation omitted.) *Taylor v. State*, 272 Ga. 559, 561 (2) (d) (532 SE2d 395) (2000).

In this case, the testimony was not given to prove Hardy's guilt or innocence. It could "be characterized as a narrative recitation of the events surrounding [Hardy's] arrest by the authorities, and it appears that it was not intended to reflect on his guilt and it was not probative on that issue. Thus, the remark was not so fundamentally unfair as to deny him due process." (Punctuation omitted.) *Tennyson v. State*, 282 Ga. 92, 95 (4) (646 SE2d 219) (2007), citing *Wright v. State*, 276 Ga. 419, 420 (3) (577 SE2d 782) (2003). Accordingly, trial counsel's failure to object was not deficient assistance of counsel. *Taylor*, supra.

3. Hardy also contends his trial counsel was ineffective because he did not move to suppress evidence of the cocaine that the arresting officer found on the floor. Underlying this error, Hardy asserts that trial counsel lacked a reasonable defense strategy, the evidence would have likely been suppressed, and suppression of the evidence would have likely changed the outcome of the case. "Failure to file a motion to suppress is not ineffective assistance of counsel per se, and [Hardy] must make a strong showing that the evidence would have been suppressed had his trial counsel filed a motion." (Punctuation omitted.) *Patterson v. State*, 259 Ga. App. 630, 633 (4) (577 SE2d 850) (2003).

Trial counsel testified at the motion for new trial hearing that he did not move to suppress evidence of the cocaine because his strategy was to argue that the drugs did not belong to Hardy. They were not

seized from his person but from a common area, and Hardy would have had to admit the drugs were his before he could claim the officer obtained the drugs by exceeding the permissible scope of a patdown for weapons under the Fourth Amendment. Accordingly, trial counsel's decision not to move to suppress evidence of the drugs was a reasonable and strategic one. "The decision of whether to file a motion to suppress is a matter of professional judgment, and we will not judge counsel's trial strategy in hindsight." *Green v. State*, 249 Ga. App. 546, 554 (4) (547 SE2d 569) (2001).

4. Hardy's motion for leave to file a supplement to his brief on appeal is granted. He contends that if his trial counsel had filed a motion to suppress, it would have been successful based on this court's holding in *Johnson v. State*, 297 Ga. App. 847 (678 SE2d 539) (2009). In *Johnson*, we reversed a methamphetamine possession conviction, holding that the arresting officer exceeded the permissible scope of a patdown for weapons when he ordered the defendant to withdraw an identity card from his pocket. The new case cited, however, does not provide grounds for reversal, because in that case, unlike this one, the appellant's trial counsel made no strategic decision to deny owning the contraband at issue.

*Judgment affirmed. Miller, C. J., and Andrews, P. J., concur.*

DECIDED SEPTEMBER 8, 2009 —
RECONSIDERATION DENIED NOVEMBER 18, 2009.

*Jimmonique R. S. Rodgers*, for appellant.
*Denise D. Fachini, District Attorney, Deshala D. Bray, Henry O. Jones III, Assistant District Attorneys*, for appellee.