A10A1480. BRINT v. THE STATE.

(701 SE2d 507)

McMURRAY, Senior Appellate Judge.

Richard Brint was convicted of possession of cocaine following a bench trial. On appeal, Brint contends that the trial court erred in denying his motion to suppress the drug evidence seized during a search of his person. For the reasons that follow, we affirm.

"When reviewing a trial court's ruling on a motion to suppress, evidence is construed most favorably to uphold the findings and judgment. The court's findings of fact will not be disturbed if there is any evidence to support them." (Citation and punctuation omit-

ted.) *Dunn v. State*, 289 Ga. App. 585 (1) (657 SE2d 649) (2008).

So viewed, the record shows that on August 8, 2008, deputies with the Johnson County Sheriff's Department sought and obtained a warrant to search for drugs and illegal contraband at a residence. Upon entering the residence to execute the search warrant, the deputies encountered Brint. Brint was a visitor at the residence and was the only occupant present during the search. Brint was not named in the warrant and the deputies were not familiar with him prior to their arrival. The deputies immediately performed a pat-down search of Brint for weapons to ensure their safety. During the pat-down search, a deputy felt a package in the front pocket of Brint's pants. The deputy asked Brint what was in his pocket. Brint responded that he did not know what the package was and told the deputy "you can take it out." The deputy then removed "a 20 sack of cocaine" from Brint's pocket. Brint was arrested and charged with possession of cocaine.

Brint filed a motion to suppress the drug evidence. Following a hearing, the trial court denied the motion.[1]

1. Brint contends that the trial court's denial of the motion was erroneous because the pat-down search was illegal. We disagree.

"In the execution of the search warrant[,] the officer executing the same may reasonably detain or search any person in the place at the time . . . [t]o protect himself from attack[.]" OCGA § 17-5-28. To justify a pat-down search of a visitor on the premises who is not named in the warrant, the officer must have a reasonable belief that he may be armed and dangerous and that the search is necessary. See *Condon v. State*, 203 Ga. App. 163 (416 SE2d 802) (1992); *Brown v. State*, 181 Ga. App. 768, 770 (1) (a) (353 SE2d 572) (1987). "The officer need not be absolutely certain that the individual is armed; the issue is whether a reasonably prudent man in the circumstances would be warranted in the belief that his safety or that of others was in danger." (Citations and punctuation omitted.) *Brown*, 181 Ga. App. at 770 (1) (a).

In this case, the deputies were executing a warrant to search for drugs. A deputy testified based on his knowledge and experience that executing a search warrant for drugs is a dangerous undertaking since it is typical for those involved in the drug trade to possess weapons. Moreover, "we have repeatedly held that it is not unrea-

---

[1] Although we find no written order in the record, a transcript of the proceedings reflects that the trial court made an oral ruling, which included detailed findings of fact. Because a transcript of the motion hearing has been included in the record for review, we have before us all the evidence and arguments of counsel upon which the trial court based its ruling. See *Barnes v. State*, 228 Ga. App. 44 (491 SE2d 116) (1997); *Shirley v. State*, 166 Ga. App. 456, 458 (3) (304 SE2d 468) (1983).

sonable for officers to anticipate that those who are suspected of involvement in the drug trade might be armed. Firearms are tools of the drug trade." (Citations, punctuation and footnote omitted.) *Jones v. State*, 237 Ga. App. 847, 850 (2) (515 SE2d 841) (1999). See also *Kinder v. State*, 269 Ga. App. 99 (603 SE2d 496) (2004). The deputies stated that when they encountered Brint inside the residence, they conducted a pat-down search of him for weapons to ensure their safety. Based upon the circumstances presented, the trial court was authorized to determine that the minimally intrusive pat-down of Brint for weapons was justified.[2] See *Kinder*, 269 Ga. App. at 99; *Jones*, 237 Ga. App. at 850 (2); *Condon*, 203 Ga. App. at 163-164.

2. Brint further contends, in the alternative, that even if the pat-down search was lawful, the officer exceeded the permissible scope of the search when he reached inside his pocket to retrieve the package containing the drug contraband. Again, we discern no merit in Brint's contention because the evidence showed that Brint consented to the search.

It is true that a frisk or pat-down search for weapons is not a full search and "must be limited to that which is necessary for the discovery of weapons which might be used to harm the officer or others nearby." *Terry v. Ohio*, 392 U. S. 1, 26 (III) (88 SC 1868, 20 LE2d 889) (1968). This type of limited search "involves the patting-down of a person's outer clothing by a police officer. Unlike a full search, a frisk is conducted solely for the purpose of [e]nsuring the safety of the officer and of others nearby, not to procure evidence for use at a subsequent trial." (Citation and punctuation omitted.) *Corley v. State*, 236 Ga. App. 302, 304 (1) (a) (512 SE2d 41) (1999). "[A]n extended search, exceeding the purpose of the frisk, would be constitutionally unreasonable, and any evidence thereby obtained must be excluded." (Citation and punctuation omitted.) Id. at 304-305 (1) (a).

But, an exception applies where a defendant has given a valid consent to the search. "A valid consent eliminates the need for either probable cause or a search warrant." (Citations and punctuation omitted.) *Morris v. State*, 239 Ga. App. 100, 101 (1) (a) (520 SE2d 485) (1999). Moreover, "[o]nce a voluntary consent is legally obtained, it continues until it either is revoked or withdrawn." (Citations and punctuation omitted.) Id. The burden of proving the validity of a consensual search is upon the State. See *Johnson v.*

---

[2] Compare *State v. Holmes*, 240 Ga. App. 332, 333-334 (525 SE2d 698) (1999) (concluding that the officers' search of the defendant was not justified since he was outside the residence to be searched and was not in proximity to the person named in the warrant). Here, the deputies encountered Brint inside the residence to be searched.

*State*, 297 Ga. App. 847, 848 (678 SE2d 539) (2009). To meet its burden, the State must show that the consent was voluntarily given and was not merely "acquiescence to a claim of lawful authority." (Citation omitted.) Id. at 849. An alleged consent to search must be scrutinized closely. Id. at 848.

Here, the evidence showed that the deputy felt a package in Brint's pocket while conducting a lawful pat-down search. When the deputy inquired about the package, Brint told the deputy that he could remove it. Brint thus voluntarily authorized the deputy to enter his pocket and to remove the package that was contained inside of it. Upon its removal, the package was readily identifiable as cocaine. Based upon this evidence, the trial court was authorized to find that Brint had voluntarily consented to the search of his pocket, where the drug contraband was found.[3] See *Morris*, 239 Ga. App. at 101 (1) (a). The trial court's denial of Brint's motion to suppress was proper.

*Judgment affirmed. Barnes, P. J., and Senior Appellate Judge G. Alan Blackburn concur.*

DECIDED SEPTEMBER 10, 2010.

*Abigail R. Safford, Wendell R. Adams*, for appellant.
*Louie C. Fraser, District Attorney, Robert B. Faircloth, Assistant District Attorney*, for appellee.

---

[3] Compare *Johnson*, 297 Ga. App. at 848-849 (reversing the denial of a motion to suppress where the evidence showed that the officer ordered the defendant to hand him the object in his pocket); *Corley*, 236 Ga. App. at 306-307 (1) (b) (reversing the denial of a motion to suppress since the defendant's acquiescence to the officer's repeated orders to show the contents of his pocket could not be construed as voluntary consent). Also compare *Mason v. State*, 285 Ga. App. 596, 597-598 (647 SE2d 308) (2007) (reversing the denial of a motion to suppress where the evidence showed that the defendant had only consented to the officer's removal of the box from his pocket, but not the opening of the box, which was not readily identifiable as contraband). Here, there was no evidence that the deputies coerced Brint's consent to enter his pocket or that Brint's consent was otherwise involuntary. And, the evidence showed that the package removed from Brint's pocket was readily identifiable as drug contraband.