RICKMAN, Judge,
concurring specially and in judgment only
I disagree with the majority opinion to the extent that it can be read to create a bright-line rule that the automobile exception may never justify the warrantless search of a vehicle located on a private residence — even within its curtilage — or implies that such a rule is *278 already established under Georgia law. Nevertheless, I am constrained to affirm the ruling of the trial court under our standard of review and the arguments preserved before that court.
I write separately because I think it important to recognize that at no time did the officers in this case act unreasonably in the context of the situation presented to them, nor did their warrantless search of the vehicle at issue constitute a violation of the Fourth Amendment; rather, the search was authorized incident to appellees’ arrest. Because this argument was not preserved on the record before us, however, we are precluded from considering it.[4] See McCormack v. State, 325 Ga. App. 183, 188 (1) (b) (751 SE2d 904) (2013).
The officers here personally observed, from a place they were lawfully entitled to be, appellees “hotboxing” in a vehicle, smelled the strong — at one point “overwhelming” — odor of marijuana, viewed smoke inside of the vehicle so thick it was difficult to see from one side of the car to the other, and witnessed appellees passing what, in their training and experience, they believed to be marijuana. They thus had probable cause to arrest appellees. See Hughes v. State, 296 Ga. 744, 748 (2) (770 SE2d 636) (2015) (probable cause to arrest requires “[f'jacts and circumstances within the officer’s knowledge that are sufficient to warrant a prudent person ... in believing . . . that the suspect has committed, is committing, or is about to commit an offense”) (citation and punctuation omitted). Because they were authorized to arrest appellees, they were also authorized to conduct a search of the vehicle incident to that lawful arrest, regardless of the vehicle’s location.[5] See Arizona v. Gant, 556 U. S. 332, 351 (VI) (129 *279 SCt 1710, 173 LE2d 485) (2009) (“Police may search a vehicle incident to a recent occupant’s arrest... if ... it is reasonable to believe the vehicle contains evidence of the offense of arrest.”); Kirkland v. State, 316 Ga. App. 310, 313 (728 SE2d 907) (2012).
Decided November 1, 2016.
Daniel J. Porter, District Attorney, J. Drew Unger, Assistant District Attorney, for appellant.
Kemay L. Jackson; The Chan cey Law Firm, Elizabeth L. Chancey; The Fluker Law Firm, Deborah R. Fluker, for appellees.

 The State did not argue search incident to arrest during the hearing on the motion to suppress. Following that hearing, the trial court ordered the parties to submit additional briefing in order to discuss under what authority the officers were permitted to conduct a warrantless search of the vehicle . The additional briefs, however, were either never submitted or not filed in the trial court and are not part of the appellate record.

 It is irrelevant to our consideration whether the officers believed themselves to be operating pursuant to the “vehicle exception” to the warrant requirement, since the objective nature of Fourth Amendment inquiries into the reasonableness of police conduct has been repeatedly emphasized by the United States Supreme Court. See, e.g., Whren v. United States, 517 U. S. 806, 813 (II) (A) (116 SCt 1769, 135 LE2d 89) (1996) (“[T]he fact that the officer does not have the state of mind which is hypothecated by the reasons which provide the legal justification for the officer’s action does not invalidate the action taken as long as the circumstances, viewed objectively, justify that action.”) (citation and punctuation omitted); Maryland v. Macon, 472 U. S. 463, 470-471 (II) (A) (105 SCt 2778, 86 LE2d 370) (1985) (“Whether a Fourth Amendment violation has occurred turns on an objective assessment of the officer’s actions in light of the facts and circumstances confronting him at the time, and not on the officer’s actual state of mind at the time the challenged action was taken.”) (citation and punctuation omitted); Scott v. United States, 436 U. S. 128, 136 (II) (98 SCt 1717, 56 LE2d 168) (1978) (“Subjective intent alone . . . does not make otherwise lawful conduct illegal or unconstitutional.”).